UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LYNCH,
    Plaintiff,

v.

ACKLEY, et al.,
    Defendants.

No. 3:12cv537 (MPS)

**ORDER ON MOTION TO DISMISS**

Defendants' Motion to Dismiss Counts One, Two and Three is procedurally improper because it targets specific factual allegations rather than an entire legal claim. Count Four, however, is legally flawed because it fails to plead an essential element. Thus, Defendants' Motion to Dismiss [Doc. # 81] is GRANTED IN PART and DENIED IN PART.

**I.    DEFENDANTS' MOTION**

The City of New London and Margaret Ackley (collectively "Defendants") have moved to dismiss, in part, Plaintiff's Second Amended Complaint. According to Defendants' Motion:

> Defendants seek dismissal in whole or in part of: Count One, which is brought pursuant to Conn. Gen. Stat. § 31-51q against the City; Counts Two and Three, which are brought pursuant to 42 U.S.C. § 1983 against Ackley and the City, respectively; and Count Four[1] which claims libel *per se* against Ackley.

(Defs.' Mot. to Dismiss [Doc. # 81] at 1.) In particular, Defendants argue that "[t]he new Free Speech claims are barred by *Garcetti*," that Plaintiff has not sufficiently pled a libel *per se* claim in Count Four, and that, to the extent Count Four was intended to assert an intentional infliction of emotional distress claim, the conduct alleged does not rise to the level of "extreme and outrageous," and the Complaint fails to plead severe emotional distress and thus does not state an

---

[1] As Defendants note, there are two counts that are labeled "Count Five" in the Second Amended Complaint. The Court, like Defendants, will assume that this was a scrivener's error and refer to the first Count Five as Count Four.

intentional infliction of emotional distress claim.  (*Id.*)

## II.     PROCEDURAL BACKGROUND

Before turning to Defendants' argument in favor of dismissal, it will be helpful first to explain some of the pertinent procedural background.  This is not Defendants' first motion to dismiss.  Defendants moved to dismiss Plaintiff's Amended Complaint on August 13, 2012 on the basis that Plaintiff's allegedly protected speech was not actually protected under the First Amendment, under the Supreme Court's decision in *Garcetti v. Ceballos*, 547 U.S. 410 (2006). (Defs.' Mot. to Dismiss [Doc. # 33].)  In a decision dated December 14, 2012, this Court (Arterton, J.) denied Defendants' Motion because, although some of Plaintiff's alleged speech was not protected under *Garcetti*, there was a great deal of it that was (at least when reading the Complaint in a light most favorable to the Plaintiff), including: (1) Plaintiff's August 2010 request for a grievance; (2) Plaintiff's September 2010 request that the union consider a vote of no confidence in Chief Ackley; (3) Plaintiff's attendance at meetings where he opposed Defendant Ackley's proposal to have civilian complaints read openly to the public; (4) Plaintiff's involvement as vice president of the union in its June 2011 mayoral endorsement of Councilman Buscetto; (5) Plaintiff's September 2011 open letter in the local newspaper; and (6) Plaintiff's request that Chief Ackley be investigated and placed on administrative leave.  (*See* Order Denying Mot. to Dismiss [Doc. # 48] at 10.)

Several months later, on July 19, 2013, Plaintiff filed a Motion for Leave to Supplement the Complaint.  (Pl.'s Mot. for Leave [Doc. # 74].)  The Motion expressly stated that "Plaintiff does not seek to add any additional new parties *or new claims* to this lawsuit."  (*Id.* at 2) (emphasis added).  Instead, Plaintiff requested that the Court "grant him leave to supplement his Amended Complaint to include events and circumstances which have occurred since the time of

filing . . . ." (*Id.*)  Thus, aside from appearing to add an intentional infliction of emotional distress claim in Count Four (*see* Proposed First Supp. Compl. [doc. # 74-1] at ¶ 36), the proposed amended complaint contained only new factual allegations, not entirely new legal claims.  In an order dated July 31, 2013, the Court granted Plaintiff's Motion in part, and directed Plaintiff to file a single operative complaint that would incorporate both the Amended Complaint and the new factual allegations set forth in the Proposed Supplemental Complaint. (July 31, 2013 Order [Doc. # 76].)  Plaintiff thereafter filed his Second Amended Complaint on August 14, 2013 [Doc. # 77], prompting Defendants to file the instant Motion to Dismiss on September 9, 2013 [Doc. # 81].

### III.  DISCUSSION

#### A.  Counts One, Two, and Three

With respect to Plaintiff's free speech claims, Defendants' Motion to Dismiss is somewhat ambiguous on its face in that it asks the Court to dismiss "in whole or in part" Counts One, Two and Three.  (Defs.' Mot. to Dismiss [doc. # 81] at 1.)  In reading the Motion as a whole, however, it is clear that Defendants do not in fact ask the Court to dismiss Counts One, Two and Three in their entirety, nor could they, given the Court's December 14, 2012 Order denying Defendants' first motion to dismiss those counts.  Instead, Defendants' Motion as to Counts One, Two and Three appears to target the new factual material in Plaintiff's Second Amended Complaint, requesting dismissal of the first three counts on the grounds that Plaintiff's "*new* Free Speech claims are barred by *Garcetti*."  (*Id.*) (emphasis added).

As noted above, Plaintiff's Second Amended Complaint does not add any new free speech claims; it simply adds factual allegations as additional support for the claims in Counts One through Three.  In effect, then, Defendants' Motion asks the Court to dismiss particular

factual *allegations*—as opposed to *claims*—in the Second Amended Complaint.  Defendants' memorandum in support of the motion to dismiss acknowledges this by stating that "paragraphs fifty-three through eighty of Counts One, Two and Three should be dismissed" and "Plaintiff's *allegations* regarding the June 17, 2013 grievance should be dismissed."  (Defs.' Mem. [Doc. # 81-1] at 11-12.)

Defendants' Motion is procedurally improper.  Federal Rule of Civil Procedure 12(b)(6), the rule upon which Defendants base their motion, provides for dismissal for failure to state a "claim."  Fed. R. Civ. P. 12(b)(6).  Thus, Rule 12(b)(6) is the appropriate procedural mechanism by which to dismiss "an entire claim or complaint."  *See, e.g.*, *In re Westinghouse Sec. Litig.*, No. 91-cv-354, 1998 U.S. Dist. LEXIS 3033, *9-10 (W.D. Pa. Mar. 12, 1998) (citing *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)).  It does not provide for the dismissal of particular allegations in support of a claim.  *Id.*  Defendants' motion as to Counts One, Two, and Three is therefore denied.

### B.  Count Four

Count Four is entitled "Libel Per Se as to Defendant Ackley," but in substance it alleges a claim of intentional infliction of emotional distress by invoking the term of art "extreme and outrageous."  (*See* Pl.'s Second Am. Compl. [Doc. # 77] at 24.)  Defendants argue that Count Four should be dismissed for failure to state a claim, whether it is intended as a libel *per se* claim or an intentional infliction of emotional distress claim.  Plaintiff discusses only the latter in his memorandum in opposition to the Motion to Dismiss. The Court will therefore interpret Count Four as asserting a claim of intentional infliction of emotional distress only.

For an intentional infliction of emotional distress ("IIED") claim to survive a motion to dismiss, the plaintiff must plead facts that plausibly support four elements: (1) the defendant

4

intended to inflict emotional distress or that she knew or should have known that emotional distress was the likely result of her conduct; (2) the conduct was extreme and outrageous; (3) the defendant's conduct was the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was severe. *Craig v. Yale Univ. Sch. of Med.*, 838 F. Supp. 2d 4, 9 (D. Conn. 2011). Defendants argue that Count Four should be dismissed for failure to state a claim for two reasons: first, Plaintiff has not pleaded "extreme and outrageous" conduct, and second, Plaintiff has not pleaded any facts that could plausibly support that he has suffered *severe* emotional distress. Although the briefs focus primarily on extreme and outrageous conduct, it is Plaintiff's failure to sufficiently plead severe emotional distress that persuades the Court to dismiss Count Four.

      To withstand a motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and plausibly state a claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Although the Court must assume the truth of all factual allegations in the complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are insufficient to withstand a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, the Complaint states that Plaintiff suffered "emotional distress." (Pl.'s Second Am. Compl. [Doc. # 77] at 24.) However, this conclusory statement is not supported by any other factual allegations, and appears to be nothing more than a threadbare recital of the fourth element of an IIED claim. Further, more than just "emotional distress" is required. In Connecticut, to support an IIED claim, the emotional distress must be "severe"; in fact, it must be "so severe that no reasonable person could be expected to endure it." *Craig*, 838 F. Supp. 2d at 12. The Complaint fails to allege that the emotional distress was severe; nor does it plead any facts that would

support such an allegation.  *Compare with Craig*, 838 F. Supp. 2d at 12-13 (holding that the following factual allegations were sufficient to withstand a motion to dismiss: trauma; sleeplessness; loss of appetite; substantial loss of employment income; overly burdensome financial hardships; damage to his relationship with his family and friends; and damage to his self-esteem and sense of self-worth).

Because the Complaint does not plead sufficient factual material plausibly to support that Plaintiff suffered severe emotional distress, the intentional infliction of emotional distress claim—the claim asserted in Count Four—is dismissed.  Having dismissed Count Four on these grounds, I need not consider Defendants' argument that the alleged conduct was not extreme and outrageous.

IT IS SO ORDERED.

_____/s/_____

Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
            December 19, 2013